## MOSHER et v MUTUAL HOME & SAVING ASSOCIATION

Ohio Appeals, 2nd Dist, Montgomery Co

No 1683.  Decided May 15, 1941

Barger & Orendorf, Dayton, for plaintiffs-appellants.

Thomas J. Herbert, Attorney General, Columbus, by William P. Patterson, Dayton, Special Counsel, for defendant-appellee.

### OPINION

BY THE COURT:

This cause had its origin in the Court of Common Pleas.

For an amended petition plaintiffs allege that on the 12th of September, 1938, a judgment of the Court was rendered against plaintiffs for $201.14 together with an order of foreclosure; that plaintiffs had no knowledge that judgment would be taken against them until after its rendition and they have a valid defense against the note and mortgage.

For a first defense it is alleged that plaintiffs conveyed the premises to one E. A Goss on the 24th of May, 1921, and that by the terms of the convey-

ance the defendant, Goss, assumed and agreed to pay the note set out in the petition; that defendant consented to said agreement and substituted and accepted S. A. Goss in lieu of these plaintiffs.

For a second cause of action plaintiffs aver that no demand has been made for the payment of the note; that they made no payment thereon since the transfer to Goss and that by reason thereof the claim is barred under the provisions of §11221 GC.

These two defenses are identical with the two set up in the original petition, to which a demurrer was filed and sustained. As a third defense it is averred that at the time of the filing of the suit against plaintiffs, they employed an attorney to look after their interest and that said attorney did not take care of defendants' claim and that judgment was taken against them without their knowledge and information notwithstanding the fact that they had a valid defense and that they received no notice of the judgment until they received notice from the Association in proceedings in aid of execution.

To this amended petition the defendant, Charles S. Merion, Superintendent of Building & Loan Associations of the State of Ohio, files a general demurrer.

Thereupon the cause came on for hearing on the demurrer and it was decreed that the demurrer "be, and the same is hereby sustained". This entry was made on January 15, 1941.

Thereupon on January 16, 1941, the plaintiffs gave notice of appeal to the Court of Appeals of Montgomery County "from a judgment rendered by the Court of Common Pleas in the above entitled cause on the 15th day of January, 1941. Said appeal is on questions of law."

The appellant presents his assignment of errors. In his brief he enumerates the defenses and states,

"These three defenses were incorporated in the amended petition to which a demurrer was filed on the ground that the plaintiffs' amended

petition did not present facts sufficient to constitute a cause of action. This demurrer was sustained **and the petition dismissed** which is before this court for review."

Evidently counsel did not carefully read the entry sustaining the demurrer. The order of the Court is merely that the demurrer be sustained.

There is no final order from which an appeal will lie to this court. In the case of National Guaranty & Finance Company v Russell, Court of Appeals of Fayette County, Ohio, (25 Abs 483), opinion by the Court, it is held:

"An order of the Court sustaining a general demurrer is not a final order as it does not determine the action or prevent a judgment as the pleading held to be demurrable may be amended."

To the same effect are the cases cited under §12223-2 GC, §20 of the notes captioned "DEMURRER, RULING ON". It is not necessary to cite these cases here as they may be readily found where stated.

As stated in the case from Fayette County, above cited, we can not entertain an appeal unless there is a final order of the Court below.

Appeal dismissed.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.